Appeal by the defendant from an order of the Supreme Court, Queens County (Koenderman, J.), dated December 10, 2012, which, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.
Ordered that the order is affirmed, without costs or disbursements.
In establishing a defendant’s risk level pursuant to the Sex Offender Registration Act (hereinafter SORA) (see Correction Law art 6-C), the People bear the burden of establishing, by clear and convincing evidence, the facts supporting the determinations sought (see Correction Law § 168-n [3]; Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 5 [2006]; People v Pettigrew, 14 NY3d 406, 408 [2010]; People v Wyatt, 89 AD3d 112, 117-118 [2011]). “ ‘In assessing points, evidence may be derived from . . . the victim’s statements, evaluative reports completed by the supervising probation officer, parole officer, or corrections counselor, case summaries prepared by the Board of Examiners of Sex Offenders ... or any other reliable source, including reliable hearsay’ ” (People v Barbour, 111 AD3d 813, 813-814 [2013], quoting People v Crandall, 90 AD3d 628, 629 [2011]; see Correc *1019 tion Law § 168-n [3]; Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 5 [2006]; People v Mingo, 12 NY3d 563, 571-572 [2009]; People v McPherson, 114 AD3d 653 [2014],).
Here, the case summary and the sworn felony complaint constituted “reliable hearsay” (Correction Law § 168-n [3]; see People v Mingo, 12 NY3d at 576; People v Dash, 111 AD3d 907, 908 [2013]) and provided clear and convincing evidence to warrant the assessment of 20 points under risk factor four, for engaging in a continuing course of sexual misconduct against the victim (see Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 10 [2006]). This provided sufficient points for the defendant to be designated a level two sex offender.
Contrary to the defendant’s contention, his due process rights were not violated at the SORA hearing (see People v Harris, 100 AD3d 727, 728 [2012]).
Rivera, J.E, Lott, Miller and Duffy, JJ., concur.